**UNITED STATES of America, Plaintiff,**

v.

**Larry FRENCH et al., Defendants.**

**Crim. No. 76–76–D.**

United States District Court,
W. D. Oklahoma.

April 12, 1976.

See also D.C., 414 F.Supp. 800, 414 F.Supp. 798.

David L. Russell, U. S. Atty., by Drew Neville and Duane H. Miller, Asst. U. S. Attys., Oklahoma City, Okl., for plaintiff.

Jerry D. Patchen, Houston, Tex., William M. Ravkind, Dallas, Tex., for defendant French.

## ORDER

DAUGHERTY, Chief Judge.

Defendant Larry French on March 22, 1976 filed a Motion To Suppress in which he seeks to suppress evidence seized pursuant to a search warrant issued October 16, 1975 to search the Gallman farm. In said Motion he urges that the Search in Question was conducted by Federal Officers and same was not conducted in conformance with Federal law. In particular, he urges: (1) that the search warrant failed to specify it be returned to a Federal Magistrate pursuant to Rule 41(c), Federal Rules of Criminal Procedure; (2) that the warrant was not served in the day time and reasonable cause was not shown why it should be issued at night; and (3) that the search warrant was directed to officers of the State of Arkansas and was thus defective because Rule 41(c), *supra*, requires a Federal search warrant be directed to civil officers of the United States. The Motion is wholly lacking in legal authority in support of the aforesaid contentions. A fourth ground was originally asserted in said Motion to the effect that the warrant was obtained by false and deceptive testimony. This latter ground was withdrawn by Defendant French on March 26, 1976 when the Court conducted a hearing on the instant Motion.

The Government in its Response urges that the warrant in question was jointly obtained by Arkansas State and Federal officers and was obtained and executed pursuant to Arkansas law. No objection has been made that Arkansas law was not complied with in all respects and the Court determines for the purposes of the instant Motion that Arkansas law was complied with in all respects. The Government contends that the requirements of Rule 41(c), *supra*, requiring the return to a Federal Magistrate and directing execution by United States officers do not apply when a State judicial officer issues a search warrant pursuant to State law upon a showing that State criminal laws are being violated. The Government further contends that 21 U.S.C. § 879(a) applies as to search war-

rants for offenses involving controlled substances and the provisions for same allow service of such warrants to be served at any time day or night.

■ The parties at the time of the hearing conducted by the Court on the instant Motion stipulated that the Search Warrant was served at 2:30 a. m. on October 16, 1975. Copies of the Affidavit, the Search Warrant, and the Return were admitted into evidence. The Affidavit was made by Kenneth McKee, an Arkansas State Police officer and Jim Bush, an officer of the Federal Drug Enforcement Administration. The Warrant was issued on October 16, 1976 by a Municipal Court Judge[1] and specifically provided for the search to be conducted at any time in the day or night. It was directed to Arkansas peace officers and required a return be made according to law. The Return discloses it was returned to the Judge issuing said warrant. The Return shows the warrant was served at 4:00 a. m.

The case of *United States v. Sellers*, 483 F.2d 37 (5th Cir. 1973) cert. den. 417 U.S. 908, 94 S.Ct. 2604, 41 L.Ed.2d 212, involved a situation very similar to that existing in the instant case where a search warrant was issued pursuant to State law when State and Federal officers were working together. The Court stated in regard to an attack on such a search warrant as follows:

"The proper test to be applied is whether a particular Rule 41 standard is one designed to assure reasonableness on the part of federal officers, or whether the provision merely blueprints the procedure for issuance of federal warrants. The case sub judice presents a paradigm of the latter case of requirements. The federal crime essential of *[U. S. v.] Brouillette* [478 F.2d 1171] is a recognition of the inherent limits of the authority granted by Rule 41 to federal and state magistrates to issue federal search warrants. It does not exist to limit the activities of federal officers when they cooperate with state officers. We decline to apply this particular Rule 41 requirement

to state warrants. The contention that the fruits of this joint federal and state search should be suppressed is without merit.

"Moreover, we specifically decline to adopt any rule under our supervisory power that would require that state court warrants meet all of the Rule 41 procedural requirements whenever federal officers have sufficient evidence of federal law violations to obtain a federal warrant. Such rule would not only serve no useful purpose, but it would place officers acting jointly on the horns of a dilemma in deciding whether to charge a state or federal crime. Such officials should be free to make a considered choice based on the best available information and unencumbered by merely technical procedural rules."

In the instant case, the defects complained of as to the return not being directed to a Federal Magistrate and the warrant not being directed to Federal officers in accordance with Rule 41, *supra*, are procedural and do not render the valid State Search Warrant defective for the purposes of the instant case. The Motion to Suppress is denied as asserted on these two grounds.

■ In *Gooding v. United States*, 416 U.S. 430, 94 S.Ct. 1780, 40 L.Ed. 250 (1974) it was held that the provisions of 21 U.S.C. § 879 prevailed over the provisions of Rule 41, *supra*, as to search warrants issued in connection with violation of the Controlled Substance laws such as involved in the instant case. 21 U.S.C. § 879(a) provides:

"A search warrant relating to offenses involving controlled substances may be served at any time of the day or night if the judge or United States magistrate issuing the warrant is satisfied that there is probable cause to believe that grounds exist for the warrant and for its service at such time."

The Search Warrant involved in the instant Motion discloses that the Judge issu-

---

1. Since the Search Warrant was issued on the same date same was served at 2:30 a. m., it follows it was issued during night time hours preceding said service.

ing same found probable cause for its issuance and further found it should be served at any time day or night. It cannot be said from the face of the warrant that probable cause was not found since the Judge was required to make an election on the Search Warrant form as to whether the search could be conducted at any time day or night. Defendant French has failed to establish that probable cause was not shown. He has further completely failed to show that the serving of the warrant during the hours of nighttime was in anyway improper under Arkansas law for the Search which was conducted pursuant to said State law. The Motion to Suppress is denied on the ground asserted that it was improperly served in the nighttime and is thus denied on all grounds asserted by Defendant French.

